1  Thomas M. Kerr (State Bar No. 241530)
HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
Telephone:   (415) 268-2000
4  Facsimile:    (415) 268-1999
tom.kerr@hro.com
5

6  Attorneys for Plaintiffs
CAPITOL RECORDS, INC.; AND SONY
7  BMG MUSIC ENTERTAINMENT

8

9

10                     UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
11                        SAN JOSE DIVISION

12                                                *E-FILED - 11/17/06*

13  CAPITOL RECORDS, INC., a Delaware          Case No.: C06-2049 RMW
    corporation; and SONY BMG MUSIC
14  ENTERTAINMENT, a Delaware general          Honorable Ronald Whyte
    partnership,
15
               Plaintiff,                      **[] JUDGMENT AND
16        v.                                   PERMANENT JUDGMENT BASED ON
                                               STIPULATION**
17  CHARLES ABADIE,

18             Defendant.

19

20

21

22

23

24

25

26

27

28

[[] JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION
Case No. C06-2049 RMW
#26693 v1

1    The Court, having considered the Stipulation to Judgment and Permanent Injunction

2  executed by the parties,

3    IT IS ORDERED AND ADJUDGED THAT:

4    1.    Plaintiffs have alleged that Defendant distributed (including by uploading) and/or

5  reproduced (including by downloading) via the Internet or an online media distribution system

6  copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs'

7  authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Defendant

8  has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

9    2.    Defendant shall pay to Plaintiffs in settlement of this action the total sum of

10  $9750.00.

11    3.    Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of

12  process fee) in the amount of $250.00.

13    4.    Defendant shall be and hereby is enjoined from directly or indirectly infringing

14  Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or

15  later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate

16  record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

17    a)    using the Internet or any online media distribution system to reproduce

18    (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload)

19    any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings

20    available for distribution to the public, except pursuant to a lawful license

21    or with the express authority of Plaintiffs; or

22    b)    causing, authorizing, permitting, or facilitating any third party to access

23    the Internet or any online media distribution system through the use of an

24    Internet connection and/or computer equipment owned or controlled by

25    Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to

26    distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of

27    Plaintiffs' Recordings available for distribution to the public, except

28    pursuant to a lawful license or with the express authority of Plaintiffs.

2

[[] JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION
Case No. C06-2049 RMW
#26693 v1

1   Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third

2   party that has used the Internet connection and/or computer equipment owned or controlled by

3   Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or

4   server owned or controlled by Defendant, and shall destroy all copies of those downloaded

5   recordings transferred onto any physical medium or device in Defendant's possession, custody,

6   or control.

7         5.      Defendant irrevocably and fully waives notice of entry of the Judgment and

8   Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent

9   Injunction will expose Defendant to all penalties provided by law, including for contempt of

10  Court.

11        6.      Defendant irrevocably and fully waives any and all right to appeal this Judgment

12  and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or

13  otherwise to attack in any way, directly or collaterally, its validity or enforceability.

14        7.      Nothing contained in the Judgment and Permanent Injunction shall limit the right

15  of Plaintiffs to recover damages for any and all infringements by Defendant of any right under

16  federal copyright law or state law occurring after the date Defendant executes the Stipulation to

17  Judgment and Permanent Injunction.

18        8.      Defendant shall not make any public statements that are inconsistent with any

19  term of the Stipulation to Judgment and Permanent Injunction.

20        9.      The Court shall maintain continuing jurisdiction over this action for the purpose

21  of enforcing this final Judgment and Permanent Injunction.

22

23  Dated:  ___11/17/06_____          By:  ___/s/ Ronald M. Whyte_____

24                                               Hon. Ronald M. Whyte
                                                 United States Judge
25

26

27

28

3

[[ JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION
Case No. C06-2049 RMW
#26693 v1